**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

WILLIAM ORLANDO SMITH, #1128679
    Petitioner,

v.                                                                                          ACTION NO. 2:11cv162

HAROLD W. CLARKE,
    Director of the Virginia
    Department of Corrections

    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner William Orlando Smith ("Petitioner" or "Smith") is confined pursuant to a conviction by the Circuit Court for Chesterfield County finalized on April 4, 2005. Ex. 1, Br. in Supp., ECF No. 20-1. Petitioner was convicted of rape and abduction. He was sentenced to life in prison plus forty-five years. Petitioner filed a direct appeal of his convictions in the Virginia Court of Appeals, which was denied on November 23, 2005. Ex. 2, Br. in Supp., ECF No. 20-2. Smith appealed to the Supreme Court of Virginia, which refused his petition on June 22, 2006.

Ex. 3, Br. in Supp., ECF No. 20-3. Petitioner then filed a petition for writ of habeas corpus in this Court on January 6, 2009, in which he asserted the claims asserted in his direct appeal, plus ineffective assistance of counsel claims. Smith v. Johnson, Case No. 2:09cv6 (2009). Smith moved to voluntarily dismiss the federal petition. The dismissal was granted on February 4, 2009. Id., ECF No. 6.

Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia on March 13, 2009, alleging claims previously alleged in his federal habeas petition. This petition was dismissed on May 4, 2009 as untimely. Ex. 4, Br. in Supp. at 6, ECF No. 20-4. Petitioner filed a Petition for Rehearing in the Supreme Court of Virginia that was treated as a petition to set aside the judgment of May 4, 2009. The supreme court denied this petition on September 22, 2009. Ex. 4, Br. in Supp. at 1.

After the Supreme Court of Virginia's dismissal of Petitioner's writ of habeas corpus, Petitioner attempted to file a petition for writ of certiorari in the United States Supreme Court on January 28, 2010. The Supreme Court rejected the petition as untimely on May 17, 2010. Ex. 5, Br. in Supp. at 2, ECF No. 20-5.

Petitioner executed the instant federal habeas petition on March 5, 2011, and filed it on March 14, 2011. ECF No. 1. Respondent's Rule 5 Answer, and Motion to Dismiss the petition were filed on June 27, 2011. ECF Nos. 19, 18. Petitioner filed his Brief in Opposition to Motion to Dismiss on July 11, 2011. ECF No. 22. To the extent that Petitioner is requesting an evidentiary hearing on the subjects contained within his petition, this request is DENIED, as purely legal questions are presented in the petition. Additionally, for the reasons set forth below, Petitioner's Motion for Order of Release (ECF No. 6), and Motion for Appeal Out of Time (ECF No. 7) are DENIED. Accordingly, this matter is ripe for review.

**B. Grounds Alleged**

Petitioner alleges the following errors:

(1) His attorney was ineffective for failing to subpoena the Sexual Assault Nurse Examiner (SANE), for misadvising him as to the limitations period for filing a petition for writ of habeas corpus, and for giving him some really bad advice about his appeal;

(2) The trial court erred in refusing to give Petitioner's proffered attempted rape and incidental detention instructions;

(3) The evidence adduced at trial was insufficient to sustain his conviction for rape because the victim was too young to understand what penetration meant, and there was no evidence to corroborate her claim of penetration;

(4) The evidence adduced at trial failed to prove a detention separate and apart from the detention incidental to the rape, and therefore, his abduction conviction violates the Double Jeopardy Clause of the Constitution;

(5) The trial court erred in giving sentencing instructions that were vague and limited the jury's consideration of mitigation circumstances, that misinstructed on reasonable doubt, and that the trial court erred in excluding the SANE's testimony; and

(6) The evidence adduced at trial is insufficient to sustain his convictions because the witness identification of Petitioner at trial was not credible and the victim's initial statements to the police show he only attempted to rape her.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Statute of Limitations**

Smith's petition for writ of habeas corpus is time-barred. The statute of limitations for federal habeas claims are governed by the Anti-terrorism and Effective Death Penalty Act (AEDPA). Section 2244(d) sets forth that the statute of limitations relevant to Petitioner's claims:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . . The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A),(d)(2) (2006).

The statute provides that Petitioner must file his federal habeas claim within one year following the conclusion of direct review, or expiration of the time allowed to seek direct review. However, if Petitioner seeks state post-conviction relief, "the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court." Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

Petitioner's conviction became final on September 20, 2006, at the expiration of his time to file a petition of certiorari with the United States Supreme Court.[1] 28 U.S.C. §2244(d)(1)(A). Absent the tolling of the period of limitation by properly-filed state proceedings, Petitioner must have filed his federal habeas petition on or before September 20, 2007. Petitioner did not file a habeas corpus petition to the Virginia Supreme Court until almost two years later on March 13, 2009, well after the time to file a federal habeas petition had expired. Therefore, even had Petitioner's state habeas petition been timely in the state system, it would have still be filed after the year deadline imposed for federal habeas petitions under AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (asserting that only properly filed state habeas petitions will toll the statute of limitations under AEDPA if filed before the year time line expires). Petitioner's ability to properly file a federal habeas petition to this Court expired on September 20, 2007, more than three years before the date that this petition was filed, March 5, 2011. Smith's federal habeas

---

[1] A Petitioner has ninety days to file a petition for writ of certiorari in the United States Supreme Court following conclusion of direct review by the state's highest court. Sup. Ct. R. 13.

petition is time-barred, and thus the merits of the Petitioner's arguments are unreviewable by this Court.

**B. Equitable Tolling**

Petitioner argues in his Brief in Opposition to Respondent's Motion to Dismiss that he is entitled to equitable tolling to "meet the ends of justice." Br. in Opp'n passim. Although AEDPA is subject to equitable tolling, the burden falls on the Petitioner to demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Harris, 209 F.3d at 329-30. Petitioner must assert specific facts to demonstrate that he pursued his rights to appeal diligently, and that extraordinary circumstances prevented him from timely filing. In support of equitable tolling, Petitioner states that his claims are meritorious, and he has been pursuing his rights as diligently as possible while in confinement. He alleges he suffered from ineffective assistance of counsel, he is denied equal representation as that of Respondent, he is uneducated, does not have access to a prison law library, and, for these reasons, he should not be held to the guidelines of AEDPA. Id.

First, circumstances of a particular case must be "extraordinary" before equitable tolling may be applied. See Holland v. Florida, 130 S. Ct. 2549, 2564 (2010). Further, the Supreme Court has held consistently that excusable neglect on the part of an attorney, such as "simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling." Holland, 130 S. Ct. at 2564 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) and Lawrence v. Florida, 549 U.S. 327, 341 (2007)). Petitioner attached a letter from his appellate counsel indicating an incorrect time in which Petitioner had to file his petition for writ of habeas corpus. Ex. 1, Pet. at 2, ECF No. 1-1. The time indicated was earlier than the statute

required, but Petitioner still did not file by the incorrect date filed. Although the attorney did commit error, the error is apparent on the face of the document, and Petitioner should have investigated further, or increased the speed in which he filed, not delay for almost four years. Petitioner does not provide an external reason for his lengthy delay, and did not demonstrate diligence in pursuing a writ of habeas corpus with the state court.

Further, Petitioner states that he cannot be expected to follow the AEDPA guidelines because he is not an attorney and has not been permitted to have one. The Constitution demands that effective assistance of counsel be provided to a criminal defendant's first appeal as a matter of right, but the Supreme Court has consistently denied the right to counsel beyond the first appeal. See Coleman v. Thompson, 501 U.S. 722, 756 (1991); Ross v. Moffitt, 417 U.S. 600 (1974). Additionally, "absolute equality" of counsel is never required by the Fourteenth Amendment. See Coleman, 501 U.S at 755-56; Douglas v. California, 372 U.S. 353, 358 (1963). Lack of a legal education is a common hurdle, but it cannot form the basis for application of equitable tolling, and petitioners are responsible for diligently pursuing their legal rights.

The Supreme Court has routinely held that circumstances such as are present in this instance do not support the finding that the extraordinary remedy of equitable tolling should be applied to excuse filing deadlines. After a review of the record, the Court recommends declining to apply equitable tolling.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED, and the Respondent's Motion to Dismiss (ECF No. 18) be GRANTED. After a review of Petitioner's claims, Smith has failed to timely file his petition for writ of habeas corpus within the prescribed statutory period.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

                                                        _____/s/_____
                                                            Tommy E. Miller
                                                  United States Magistrate Judge

Norfolk, Virginia
August 15, 2011

## CLERK'S MAILING CERTIFICATE

     A copy of the foregoing Report and Recommendation was mailed this date to the following:

William Orlando Smith, #1128679
Keen Mountain Correctional Center
C-301-E
P.O. Box 860
Oakwood, Virginia 24631


Josephine Whalen
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219


                                                Fernando Galindo, Clerk

                                        By _____
                                               Deputy Clerk
                                               August /6, 2011